

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ERALD C. MANN
ITTORNEY GENERAL

Hon. W. K. McClain
Criminal District Attorney
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-2047
Re: Fees of Office - Constables -
Release - Speeding cases -
Highway Patrolmen.

Your request for opinion has been received and carefully considered by this department. We quote from your letter of request as follows:

"I have had the following question propounded to me:

"Where a Highway Patrolman arrests a person for speeding, and this person appears before the Justice of the Court and pleads guilty and the Justice of the Peace fines the violator $1.00, what are the proper costs?"

"I have advised our Justice of the Peace that in that case the proper costs are $1.00 for fine, $5.00 to the County Attorney, or Criminal District Attorney, $4.00 trial fee and $1.00 for release to the Constable. I have based this opinion upon Article 1065 and your opinion No. O-693 and your opinion No. O-965. However, there seems to be some conflict in these two opinions with opinion No. O-901. Will you advise me if my answer to the above is correct and for which I wish to thank you very much."

Opinion No. O-693 (conference opinion No. 3058) of this department, holds, among other things, that an

Hon. W. K. McClain, Page 2

officer who discharges or releases a defendant from the force and effect of a judgment restraining him is entitled to collect the fee of $1.00 for a release.

Opinion No. O-963 of this department holds, among other things, that if a constable or other officer has a defendant in his custody, and releases the defendant from the force and effect of a judgment restraining him, then the constable or other officer would be entitled to a $1.00 release fee.

Opinion No. O-901 of this department holds that a sheriff or constable is not entitled to charge an arrest fee where he is present but where the arrest is actually made by a State Highway Patrolman.

Opinion No. O-768 of this department holds that where a State Highway Patrolman arrests a defendant for speeding and brings him before the Justice of the Peace and the defendant pleads guilty and is assessed a fine of One Dollar and costs that the defendant should pay the following amounts in discharge of his fine and costs, to-wit:

One Dollar, fine; Five Dollars as fee for the county attorney; Four Dollars as trial fee; making a total of Ten Dollars. Under the facts relating to said opinion the constable performed no services and was not entitled to any fee.

Opinion No. O-1189 of this department, in applying the rule set out in opinion No. O-693 (conference opinion No. 3058) of this department to various fact situations set out in the request for opinion, holds that only where the facts show that the defendant is in the actual and legal custody of a constable at the time he pleads guilty and pays his fine is the constable entitled to a release fee. This opinion further holds that when the defendant mails his fine in to the Justice of the Peace and same is accepted by the Justice in payment of defendant's fine, the constable is not entitled to a release fee.

Article 1011 of the Code of Criminal Procedure provides that no item of costs shall be taxed for a purported service which was not performed, or for a service for

Hon. W. K. McClain, Page 3

which no fee is expressly provided by law.

This department has repeatedly ruled that a constable or other peace officer is not entitled to charge, collect or accept fees unless he actually performed the services set out in the statute. If the constable or sheriff does not make the arrest, nor the commitment nor the release, he certainly cannot charge, collect or accept a fee for doing so. A State Highway Patrolman receives a salary from the State of Texas for his services, and there is no statutory authority in this State whereby a State Highway Patrolman may charge, collect or accept a fee from a defendant. The salary a State Highway Patrolman receives from the State of Texas is the only compensation to which he is entitled to receive for performing his duties.

We think there is no conflict in the above numbered opinions. We think that each one is correct based upon the fact situations given in each of said opinions.

The facts stated in your letter do not show whether or not the constable performed any service. We therefore assume that he performed no service. Therefore, the constable would not be entitled to a release fee. The proper amount of fine and costs under such circumstances would be as follows:

One Dollar for fine; Five Dollars for the county attorney; Four Dollars for trial fee; making a total of Ten Dollars.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:AW    APPROVED MAR 20, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN